**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| William A. Pigg, PLLC and William A. Pigg | Jeff Z. Xie, Xie Law Offices, LLC, and GA Regional Center, LLC |

**(b)** County of Residence of First Listed Plaintiff **Dallas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Gwinnett County, GA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Charles L. Woods - William A. Pigg, PLLC, 10455 N. Central Expressway, Suite 109, Dallas, TX 75231; (214) 551-9391

Attorneys *(If Known)*
Stephen Kotara, Curnutt and Hafer, LLP, 301 W. Abram St. Arlington, TX 76010; (817) 548-1000

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 320 Assault, Libel & | Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | Slander | Personal Injury | | PROPERTY RIGHTS | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | PERSONAL PROPERTY | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | LABOR | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | SOCIAL SECURITY | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | Habeas Corpus: | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | FEDERAL TAX SUITS | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | IMMIGRATION | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | Other: | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
N/A
Brief description of cause:
Negligence – Legal Malpractice

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE July 8, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## Supplemental Civil Cover Sheet for Cases Removed From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | 192nd District Court - Dallas County, Texas | DC-21-02432 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Counterplaintiff Jeff Z. Xie, and Third Party Plaintiffs | Stephen W. Kotara, Curnutt and Hafer, LLP |
   | Xie Law Offices, LLC and Georgia Regional Center LLC | SBN 11693200, 301 W. Abram St., Arlington, TX 76010 |
   | | (817) 548-1000; SKotara@curnutthafer.com |
   | Counterdefendant William A. Pigg, PLLC and | Charles L. Woods; SBN 21952660; |
   | Third Party Defendant William A. Pigg | William A Pigg, PLLC; 9638 Greenville Ave. Dallas, TX 75243 |
   | | (214) 683-3587, clwoods @p.pplawfirm.com |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?  ☑ Yes    ☐ No

   If "*Yes*," by which party and on what date?

   | Counterplaintiff and Third Party Plaintiffs | 04/22/2021 |
   |---|---|
   | Party | Date |

Supplemental Civil Cover Sheet
Page **2** of **2**

4.  **Answer:**

Was an Answer made in State Court?   ☑ Yes          ☐ No

If "*Yes*," by which party and on what date?

| | |
|---|---|
| <u>Counterdefendant William A. Pigg, PLLC</u> | <u>06/02/2021</u> |
| Party | Date |

5.  **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason(s) for No Service |
|---|---|
| N/A | |
| | |
| | |
| | |

6.  **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| Party | Reason |
|---|---|
| William A. Pigg, PLLC - Plaintiff and Jeff Z. Xie Defendant | Plaintiff nonsuited Defendant in State Court |

7.  **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|---|---|
| Counterplaintiff Jeff Z. Xie and Third Party Plaintiffs Xie Law Offices, LLC and Georgia Regional Center, LLC | Negligence |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIAM A. PIGG, PLLC,** | § | **Civil Action No. _____** |
| | § | |
| **Plaintiff/Counter defendant** | § | |
| | § | |
| **Versus** | § | |
| | § | |
| **JEFF Z. XIE,** | § | |
| | § | |
| **Defendant/Counter plaintiff** | § | |
| | § | |
| **And** | § | |
| | § | |
| **XIE LAW OFFICES, LLC,** | § | |
| **GEORGIA REGIONAL CENTER, LLC,** | § | |
| **And JEFF Z. XIE,** | § | |
| | § | |
| **Third Party Plaintiffs** | § | |
| | § | |
| **Versus** | § | |
| | § | |
| **WILLIAM A. PIGG, PLLC and** | § | |
| **WILLIAM A. PIGG,** | § | |
| | § | |
| **Third Party Defendants.** | § | |

## COUNTER DEFENDANT/THIRD PARTY DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 USC §§ 1332, 1441 and 1446, Plaintiff/Counter defendant/Third Party Defendant William A. Pigg, PLLC and Third Party Defendant William A. Pigg hereby remove this Civil Action originally filed by Plaintiff/Counter defendant William A. Pigg, PLLC in the 192nd Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and respectfully shows the Court as follows:

### I. STATEMENT OF THE CASE

1. On February 25, 2021, Plaintiff/Counter defendant William A. Pigg, PLLC (hereinafter "Pigg PLLC") filed its Original Petition in Cause Number DC-21-02432, styled

"William A. Pigg, PLLC v. Jeff Z. Xie", before the 192nd Judicial District Court of Dallas County, Texas (hereinafter "State Court Action"). *See* Exhibit A-1, a true and correct copy of the Docket Sheet for the State Court Action; *see* Exhibit A-2, a true and correct copy of Plaintiff's Original Petition filed in the State Court Action.

2. In its Original Petition, Pigg PLLC alleged claims against Defendant/Counter plaintiff Jeff Z. Xie (hereinafter "Xie") for Conversion, Unjust Enrichment, Fraudulent Inducement, Common Law Fraud, Constructive Fraud, Negligent Misrepresentation, Breach of Contract, Quantum Meruit, and Promissory Estoppel and sought damages in the amount of 25 percent of Xie's recovery on the settlement of a Federal lawsuit in the Southern District of Texas for which Pigg PLLC had done all the work. *See* Exhibit A-2 at ¶¶ 24-56.

3. At the time Pigg, PLLC filed its Original Petition in the State Court Action, the amount of damages claimed did not meet the jurisdiction minimum sufficient for Removal under 28 USC §§ 1446(c) and 1332(a).

4. Although Xie has never been properly served with the Original Petition, he filed an Answer to Pigg PLLC's Original Petition on April 5, 2021. *See* Exhibit A-1, a true and correct copy of the Docket Sheet for the State Court Action; *see* Exhibit A-3, a true and correct copy of Defendant/Counter plaintiff's Original Answer filed in the State Court Action.

5. On April 22, 2021, Xie filed a Counterclaim against Pigg PLLC and, along with his associated entities, Xie Law Offices, LLC and Georgia Regional Center, LLC (hereinafter "Xie Entities"), filed a Third Party Complaint against Pigg PLLC and William A. Pigg, individually (hereinafter 'Pigg"), claiming $1,000,000.00 in damages for the alleged negligence of Pigg PLLC and Pigg in the handling of the referenced Federal lawsuit in the Southern District of Texas. *See* Exhibit A-1, a true and correct copy of the Docket Sheet for the State Court Action;

NOTICE OF REMOVAL

*see* Exhibit A-4, a true and correct copy of Defendant/Counter plaintiff's Counterclaim and Third Party Plaintiffs' Third Party Complaint filed in the State Court Action.

6.  On June 2, 2021, Pigg PLLC filed its Answer and Affirmative Defenses to Xie's Counterclaim in the State Court Action. *See* Exhibit A-1, a true and correct copy of the Docket Sheet for the State Court Action; *see* Exhibit A-5, a true and correct copy of Pigg PLLC's Answer to Xie's Third Party Complaint filed in the State Court Action.

7.  Also on June 2, 2021, Pigg PLLC filed its Notice of Nonsuit against Xie in the State Court Action. *See* Exhibit A-1, a true and correct copy of the Docket Sheet for the State Court Action; *see* Exhibit A-6, a true and correct copy of Pigg PLLC's Notice of Nonsuit filed in the State Court Action.

8.  On June 7, 2021, Judge Williams of the 192nd District Court signed the Order of Nonsuit filed by Pigg, LLC against Xie in the State Court Action. *See* Exhibit A-1, a true and correct copy of the Docket Sheet for the State Court Action; *see* Exhibit A-7, a true and correct copy of Judge Williams' Order of Nonsuit filed in the State Court Action.

9.  Pigg was served with Citation and the Xie and Xie Entities' Third Party Complaint in the State Court Action on June 9, 2021. *See* Exhibit A-1, a true and correct copy of the Docket Sheet for the State Court Action; *see* Exhibit A-8, a true and correct copy of the Citation and Proof of Service of the Xie and Xie Entities' Third Party Complaint filed in the State Court Action;

10.  Xie and the Xie entities filed a motion for abatement in the State Court Action on June 9, 2021, which was granted on June 25, 2021. *See* Exhibit A-1, a true and correct copy of the Docket Sheet for the State Court Action; *see* Exhibit A-9, a true and correct copy of the Xie

and Xie entities' Motion for Abatement filed in the State Court Action; *see* Exhibit A-10, a true and correct copy of the Order of Abatement of the State Court Action.

11.  Xie is an individual and resident of Gwinnett County, Georgia.

12.  Xie Law Offices, LLC is a Georgia Limited Liability Company with its principal place of business in Gwinnett County, Georgia.  Its sole member is Xie.  *See* Exhibit B, a true and correct copy of the Articles of Organization for Xie Law Offices, LLC contained in the Georgia Secretary of State's business entity database.

13.  Georgia Regional Center, LLC is a Georgia Limited Liability Company with its principal place of business in Gwinnett County, Georgia.  Its member(s) is/are currently unknown.  However, it is presumed that its sole member is Xie, as he is its Organizer, Registered Agent, Chief Executive Officer, Secretary and Chief Financial Officer.  *See* Exhibit C, a true and correct copy of the Articles of Organization for Georgia Regional Center, LLC contained in the Georgia Secretary of State's business entity database; See Exhibit D, a true and correct copy of "Bizapedia" profile for Jeff Z. Xie contained at https://www.bizapedia.com/people/Jeff-xie.html.

14.  William A. Pigg, PLLC is a Texas Professional Limited Liability Company with its principal place of business in Dallas County, Texas.  Its sole member is William A. Pigg.

15.  William A. Pigg is an individual and a resident of Dallas County, Texas.

## II.  THE COURT HAS DIVERSITY JURISDICTION OVER THIS MATTER

16.  This Court has original jurisdiction over Xie's Counterclaim and Xie and the Xie Entities' Third Party Complaint pursuant to 28 USC § 1332.  Complete diversity of citizenship exists between Xie and the Xie Entities and Pigg PLLC and Pigg in this case.

17. Diversity Jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00.  28 USC § 1332(a)(1).

18. Because Xie and the Xie Entities, including its members, are or are presumed to be citizens of Georgia and Pigg PLLC and Pigg, individually and as the sole member of Pigg PLLC are citizens of Texas, complete diversity exists and this Court has original jurisdiction over Xie's Counterclaim and Xie and the Xie Entities' Third Party Complaint filed in the State Court Action.  28 USC § 1332.

19. Xie and the Xie Entities have pled damages in excess of $1,000,0000.00.  *See* Exhibit A-4 a true and correct copy of Defendant/Counter plaintiff's Counterclaim and Third Party Plaintiffs' Third Party Complaint  fled in the State Court Action, at ¶ 6.01.

20. Since the foregoing show there exists complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00, jurisdiction herein is proper under 28 USC § 1332.  Accordingly, this action may be removed to this Court pursuant to the provisions of 28 USC § 1441.

### III.  PROCEDURAL HISTORY

21. An index of pertinent documents filed in the State Court Action, including their date of filing, is attached as Exhibit A.

22. A copy of the Docket Sheet and all pleadings and other documents filed in the State Court Action are attached to this Notice of Removal as required by 28 USC § 1446(a).  *See* Exhibits A-1 through A-10.

23. Written notice of the filing of the Notice of Removal has been or will be given to Xie and the Xie Entities through their counsel as required by law.

24.  Pursuant to Local Rules 3.1 and 8.1, a completed Federal Civil Cover Sheet, Supplemental Cover sheet, the removal fee, and a separately signed Certificate of Interested Parties are being filed herewith.

25.  If any questions arise as to the adequacy or propriety of the removal of this action, Pigg PLLC and Pigg request, as applicable, the opportunity to take jurisdictional discovery (including in particular to confirm, as necessary the identity(ies) of the member(s) of Georgia Regional Center, LLC since this information is not otherwise publicly available), to supplement this notice with evidence and/or to brief any disputed issues and present oral argument in support of this removal.

26.  Pigg PLLC and Pigg reserve and do no waive any and all objections they may have as to service, personal jurisdiction, or any other defenses or objections they may have to the State Court Action, including any defenses under FRCP 12(b) or as otherwise provided by law.

27.  Pigg PLLC and Pigg intend no admission of fact, law, or liability by or through this Notice of Removal.

## IV.  CONCLUSION

For the foregoing reasons, Pigg PLLC and Pigg respectfully request that further proceedings in the State Court Action be discontinued, and that this suit be removed the United States Court for the Northern District of Texas, Dallas Division.

Respectfully Submitted

WILLIAM A. PIGG, PLLC

*/s/ Charles L. Woods*
SBN 21952660
clwoods@pigglawfirm.com
9638 Greenville Avenue
Dallas, Texas 75243
Tel. (214) 683-3587
Fax (214) 602-8832


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2021 a true copy of this document was served in accordance with FRCP 5 by placing same in the U.S. mail, postage prepaid and properly addressed to:

Stephen W. Kotara
CURNUTT & HAFER, LLP
301 West Abram Street
Arlington, Texas 76010

*/s/ Charles L. Woods*

CAUSE NO. DC-21-02432

| | | |
|---|---|---|
| **WILLIAM A. PIGG, PLLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff/Counter defendant** | § | **192ND JUDICIAL DISTRICT** |
| | § | |
| **Versus** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **JEFF Z. XIE,** | § | |
| | § | |
| **Defendant/Counter plaintiff** | § | |
| | § | |
| **And** | § | |
| | § | |
| **XIE LAW OFFICES, LLC,** | § | |
| **GEORGIA REGIONAL CENTER, LLC,** | § | |
| **And JEFF Z. XIE,** | § | |
| | § | |
| **Third Party Plaintiffs** | § | |
| | § | |
| **Versus** | § | |
| | § | |
| **WILLIAM A. PIGG, PLLC and** | § | |
| **WILLIAM A. PIGG,** | § | |
| | § | |
| **Third Party Defendants.** | § | |

## PLEADINGS INDEX

| EXHIBIT NUMBER | DATE | DESCRIPTION |
|---|---|---|
| A-1 | 06/29/2021 | Docket Sheet |
| A-2 | 02/25/2021 | Plaintiff's Original Petition |
| A-3 | 04/05/2021 | Defendant's Original Answer |
| A-4 | 04/22/2021 | Original Counterclaim and Third-Party Action |
| A-5 | 06/02/2021 | Counterclaim Defendant's Original Answer |
| A-6 | 06/02/2021 | Plaintiff's Notice of Nonsuit |
| A-7 | 06/07/2021 | Order on Plaintiff's Nonsuit Without Prejudice |
| A-8 | 06/08/2021 | Citation and Proof of Service |
| A-9 | 06/09/2021 | Counterplaintiff's and Third-Party Plaintiffs' Motion for Abatement |
| A-10 | 06/25/2021 | Order of Abatement |

**PLEADINGS INDEX**


PLAINTIFF'S EXHIBIT A

## Case Information

DC-21-02432 | WILLIAM A PIGG PLLC vs. JEFF Z XIE

Case Number
**DC-21-02432**
File Date
**02/25/2021**

Court
**192nd District Court**
Case Type
**OTHER CONTRACT**

Judicial Officer
**WILLIAMS, KRISTINA M.**
Case Status
**CLOSED**

## Party

PLAINTIFF
**WILLIAM A PIGG PLLC**

Active Attorneys▾
**Lead Attorney
WOODS, CHARLES L.
Retained**

DEFENDANT
**XIE, JEFF Z**

Address
**1770 INDIAN TRAIL LILBURN RD NW 450
NORCROSS GA 30093**

Active Attorneys▾
**Lead Attorney
KOTARA, STEPHEN W
Retained**

## Disposition Events

06/25/2021 **Judgment**▾

**ABATEMENT**

Judicial Officer
**WILLIAMS, KRISTINA M.**

Judgment Type
**ALL OTHER DISPOSITIONS**



Judgment

Total Judgment: of $0.00

Awarded To: XIE, JEFF Z, et al

Awarded Against: XIE, JEFF Z, et al

# Events and Hearings

02/25/2021 NEW CASE FILED (OCA) - CIVIL

02/25/2021 ORIGINAL PETITION ▼

ORIGINAL PETITION

02/26/2021 ISSUE CITATION ▼

ISSUE CITATION - JEFF Z. XIE

02/26/2021 REQUEST FOR SERVICE ▼

REQUEST FOR SERVICE

03/02/2021 CITATION▼

Served
**03/10/2021**

Anticipated Server
**ESERVE**

Anticipated Method
Actual Server
**OUT OF STATE**

Returned
**04/01/2021**
Comment
**JEFF Z. XIE**

04/01/2021 RETURN OF SERVICE ▼

EXECUTED CITATION:JEFF Z. XIE

Comment
**EXECUTED CITATION:JEFF Z. XIE**

04/05/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

04/22/2021 COUNTER CLAIM ▾

COUNTERCLAIM

04/22/2021 THIRD PARTY ACTION ▾

THIRD PARTY ACTION

04/22/2021 JURY DEMAND ▾

JURY DEMAND FORM

04/27/2021 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PROPOSED SCHEDULING ORDER - LEVEL 2

Comment
SCHEDULING LEVEL 2

04/27/2021 SCHEDULING ORDER ▾

SCHEDULING ORDER - LEVEL 2

Comment
LEVEL 2

05/03/2021 RULE 11 ▾

RULE 11 - EXTENSION

Comment
EXTENSION

05/03/2021 RULE 11 ▾

RULE 11 - EXTENSION

Comment
EXTENSION

05/04/2021 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PROPOSED AMENDED SCHEDULING ORDER - LEVEL 2

Comment
SCHEDULE LEVEL 2

05/04/2021 SCHEDULING ORDER ▾

AMENDED SCHEDULING ORDER - LEVEL 2

Comment
**LEVEL 2**

---

06/02/2021 ORIGINAL ANSWER - GENERAL DENIAL ▼

ORIGINAL ANSWER

---

06/02/2021 REQUEST FOR SERVICE ▼

REQUEST FOR SERVICE

---

06/02/2021 AGREEMENT MISC. ▼

NOTICE OF AGREED MEDIATOR

Comment
**NOTICE OF AGREED MEDIATOR**

---

06/02/2021 NON-SIGNED PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER NONSUIT

Comment
**ORDER ON PLAINTIFF'S NONSUIT WITHOUT PREDJUDICE**

---

06/02/2021 NOTICE OF NONSUIT ▼

NOTICE OF NONSUIT

---

06/02/2021 ISSUE CITATION ▼

ISSUE CITATION - WILLIAM A. PIGG

---

06/07/2021 ORDER - NONSUIT ▼

NONSUIT

Comment
**- PLAINTIFF'S AS TO JEFF Z XIE / 3RD PARTY & COUNTERCLAIM STILL PENDING**

---

06/08/2021 CITATION▼

Served
**06/09/2021**

Anticipated Server
**ESERVE**

Anticipated Method
Actual Server
**PRIVATE PROCESS SERVER**

Returned
**06/09/2021**
Comment
**WILLIAM A. PIGG**

06/09/2021 RETURN OF SERVICE ▾

EXECUTED CITATION:WILLIAM A. PIGG

Comment
**EXECUTED CITATION:WILLIAM A. PIGG**

06/09/2021 MOTION - ABATEMENT ▾

MOTION ABATEMENT

Comment
**COUNTERPLAINTIFF'S AND THIRD-PARTY PLAINTIFF**

06/09/2021 MOTION - CONTINUANCE ▾

MOTION CONTINUANCE/2ND AMENDED SCHEDULING ORDER-COUNTERPLAINTIFF

Comment
**2ND AMENDED SCHEDULING ORDER-COUNTERPLAINTIFF**

06/09/2021 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PROPOSED 2ND AMENDED SCHEDULING ORDER

Comment
**PROPOSED 2ND AMENDED SCHEDULING ORDER**

06/09/2021 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER ABATEMENT

Comment
**PROPOSED ORDER ABATEMENT**

06/15/2021 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING ON MOTION FOR CONTINUANCE AND ABATEMENT

Comment
**ON MOTION FOR CONTINUANCE AND ABATEMENT**

06/25/2021 Motion - Continuance ▾

MOTION ABATEMENT

MOTION CONTINUANCE/2ND AMENDED SCHEDULING ORDER-COUNTERPLAINTIFF

PROPOSED 2ND AMENDED SCHEDULING ORDER

ABATEMENT

Judicial Officer
**WILLIAMS, KRISTINA M.**

Hearing Time
**09:45 AM**

Cancel Reason
**BY COURT ADMINISTRATOR**

Comment
**15 MINS - D/M/CONTINUANCE & M/ABATEMENT FILED 06/09/21 - (VIA ZOOM) - SET BY STEPHEN W KOTARA - 817-548-1000**

06/25/2021 Motion - Continuance ▼

MOTION ABATEMENT

MOTION CONTINUANCE/2ND AMENDED SCHEDULING ORDER-COUNTERPLAINTIFF

PROPOSED 2ND AMENDED SCHEDULING ORDER

ABATEMENT

NOTICE OF HEARING ON MOTION FOR CONTINUANCE AND ABATEMENT

Judicial Officer
**WILLIAMS, KRISTINA M.**

Hearing Time
**9:00 AM**

Cancel Reason
**CASE CLOSED**

Comment
**\*\*SUBMISSION\*\*\* Motion for Continuance & Motion to Abate**

06/28/2021 NOTE - CLERKS ▼

ORDER OF ABATEMENT - CHARLES WOODS

ORDER OF ABATEMENT - STEPHEN W KOTARA

Comment
**- MAILED COPIES/ORDER OF ABATEMENT/ALL PARTIES**

08/09/2021 Jury Trial - Civil ▼

192nd Cover Letter

192nd Cover Letter

USO L1 and L2 without Signatures

SCHEDULING ORDER - LEVEL 2

USO L1 and L2 without Signatures

192nd Trial Reset Letter Tenesa

192nd Trial Reset Letter Tenesa

192nd Cover Letter

192nd Cover Letter

Judicial Officer
**WILLIAMS, KRISTINA M.**

Hearing Time
**9:00 AM**

Cancel Reason
**BY COURT ADMINISTRATOR**

# Financial

WILLIAM A PIGG PLLC

| | | | | |
|---|---|---|---|---|
| | **Total Financial Assessment** | | | $300.00 |
| | **Total Payments and Credits** | | | $300.00 |
| 2/26/2021 | Transaction Assessment | | | $292.00 |
| 2/26/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 11615-2021-DCLK | WILLIAM A PIGG PLLC | ($292.00) |
| 3/1/2021 | Transaction Assessment | | | $8.00 |
| 3/1/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 12075-2021-DCLK | WILLIAM A PIGG PLLC | ($8.00) |

XIE, JEFF Z

| | | | | |
|---|---|---|---|---|
| | **Total Financial Assessment** | | | $208.00 |
| | **Total Payments and Credits** | | | $208.00 |
| 4/26/2021 | Transaction Assessment | | | $120.00 |
| 4/26/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 25495-2021-DCLK | XIE, JEFF Z | ($120.00) |
| 4/26/2021 | Transaction Assessment | | | $80.00 |
| 4/26/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 25509-2021-DCLK | XIE, JEFF Z | ($80.00) |
| 6/3/2021 | Transaction Assessment | | | $8.00 |
| 6/3/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 34983-2021-DCLK | XIE, JEFF Z | ($8.00) |

# Documents

ORIGINAL PETITION

REQUEST FOR SERVICE

ISSUE CITATION - JEFF Z. XIE

EXECUTED CITATION:JEFF Z. XIE

ORIGINAL ANSWER

COUNTERCLAIM

THIRD PARTY ACTION

JURY DEMAND FORM

192nd Cover Letter

192nd Cover Letter

USO L1 and L2 without Signatures

SCHEDULING ORDER - LEVEL 2

USO L1 and L2 without Signatures

192nd Trial Reset Letter Tenesa

192nd Trial Reset Letter Tenesa

PROPOSED SCHEDULING ORDER - LEVEL 2

AMENDED SCHEDULING ORDER - LEVEL 2

192nd Cover Letter

192nd Cover Letter

RULE 11 - EXTENSION

RULE 11 - EXTENSION

PROPOSED AMENDED SCHEDULING ORDER - LEVEL 2

ORIGINAL ANSWER

REQUEST FOR SERVICE

NOTICE OF AGREED MEDIATOR

NONSUIT

NOTICE OF NONSUIT

PROPOSED ORDER NONSUIT

ISSUE CITATION - WILLIAM A. PIGG

EXECUTED CITATION:WILLIAM A. PIGG

MOTION ABATEMENT

MOTION CONTINUANCE/2ND AMENDED SCHEDULING ORDER-COUNTERPLAINTIFF

PROPOSED 2ND AMENDED SCHEDULING ORDER

ABATEMENT

NOTICE OF HEARING ON MOTION FOR CONTINUANCE AND ABATEMENT

ORDER OF ABATEMENT - CHARLES WOODS

ORDER OF ABATEMENT - STEPHEN W KOTARA

PROPOSED ORDER ABATEMENT

FILED
2/25/2021 12:59 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

CAUSE NO. DC-21-02432
_____

| | | |
|---|---|---|
| WILLIAM A. PIGG, PLLC, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | 192nd ____ JUDICIAL DISTRICT |
| | § | |
| versus | § | DALLAS COUNTY, TEXAS |
| | § | |
| JEFF Z. XIE, | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff herein, WILLIAM A. PIGG, PLLC, hereinafter called "Plaintiff", complaining of and about JEFF Z. XIE, hereinafter called "Defendant", and for causes of action show unto the Court the following:

### STATEMENT OF THE CASE

Defendant hired Plaintiff to pursue a Federal lawsuit in the Southern District of Texas. Plaintiff diligently prosecuted the case on Defendant's behalf for three years. Plaintiff negotiated a settlement which Defendant approved. Defendant then reneged on the settlement and refused to speak to Plaintiff. Plaintiff withdrew from the case. Six weeks later, Defendant, through his successor counsel, dismissed the lawsuit, presumably after settling. Plaintiff sues herein for his attorney's fees pursuant to the contract between the parties.

### PARTIES AND SERVICE

1. Plaintiff William A. Pigg, PLLC is a Texas professional limited liability company having its principal office in Dallas County, Texas.



PLAINTIFF'S ORIGINAL PETITION                                    PAGE 1

2.  Defendant Jeff Z. Xie is an Individual who, upon information and belief, is a resident of Gwinnett County, Georgia and may be served with process at the following address: 1770 Indian Trail Lilburn Rd. NW, # 450, Norcross, Georgia 30093.

3.  Service of said Defendant can be effected by personal service according to Tex.Civ.Pro. R 106(a)(1).

## DISCOVERY LEVEL

4.  Plaintiff intends to conduct discovery under level 2 of Rule 190.3 of the Texas Civil Rules of Civil Procedure.

## JURISDICTION AND VENUE

5.  The subject matter in controversy is within the jurisdictional limits of this court.

6.  Plaintiff seeks only monetary relief in an amount that exceeds the jurisdictional minimum of this Court, plus costs, pre-judgment interest, post-judgment interest, and exemplary damages as set forth herein.

7.  This court has jurisdiction over Defendant because Defendant purposefully availed himself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant.  The assumption of jurisdiction over said Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8.  Plaintiff would also show that Defendant has had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

9.  Plaintiff would also show that the causes of action described herein arose from or relate to the contacts of said Defendant to the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

10.  Venue in Dallas County is proper in this cause under Tex.Civ.Prac.&Rem. Code sec. 15.035(a) based on the terms of the contractual relationship between the parties.

### FACTUAL ALLEGATIONS

11.  On October 4, 2017 Defendant, an attorney, hired Plaintiff to pursue a Federal lawsuit against Defendant's former associate attorney and that associate attorney's new law firm.

12.  According to the terms of the contact entered into by the parties, Defendant conveyed to Plaintiff "an irrevocable 25% interest in all proceeds of the Matter, whether obtained by settlement or by judgment or otherwise and whether denominated actual damages, costs, attorneys' fees, punitive damages or other recovery, and in whatever form they may take."

13.  Plaintiff diligently pursued the litigation on Defendant's behalf for three years, including, but not limited to, drafting the lawsuit and its amendments, defending and prosecuting various motions, conducting discovery, hiring and expert, and negotiation with the Defendant.

14.  Pursuant to Defendant's instructions, on or about October 22, 2020, Plaintiff negotiated a settlement on Defendant's behalf, which Defendant approved.

15.  Also on or about October 22, 2020, one of Defendant's associate attorneys contacted Plaintiff and rescinded the settlement authority.

16.  On or about October 23, 2020, Plaintiff again received authority from Defendant to settle the case, only to receive an email from the same associate attorney rescinding the settlement authority.

17.  When Plaintiff attempted to again contact Defendant, Defendant refused to take Plaintiff's call.

18.  As a result of the foregoing, Plaintiff filed a motion to withdraw from the case, which was granted on or about November 6, 2020.

19. On or about November 9, 2020, Plaintiff forwarded all of Defendant's file materials to Defendant's new counsel.

20. On or about December 23, 2020, Defendant dismissed the lawsuit. Presumably, the case settled as no pleadings were filed between the time Plaintiff was allowed to withdraw as Defendant's counsel and the dismissal.

21. In early January 2021, Plaintiff contacted Defendant's successor attorney as well as the defense attorney in the lawsuit to determine what had transpired to cause Defendant to dismiss the lawsuit. Neither attorney responded to Plaintiff's calls.

22. To date, Defendant has failed to pay Plaintiff's attorney's contingency fee as set forth above.

## PRODUCING CAUSES

23. Plaintiff would show that the acts, practices and/or omissions complained of herein were the producing causes of his damages as more fully described herein.

## CONVERSION

24. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

25. As a result of Defendant's failure to pay Plaintiff's contingency fee set forth above, without justification, said Defendant has deprived Plaintiff of the use and possession of said sums in a manner which has so seriously interfered with Plaintiff's right of control that Defendant is justly required to repay Plaintiff the full value of such funds.

## UNJUST ENRICHMENT

26. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

27. As a result of his failure to pay Plaintiff the contingency fee set forth above, Defendant has unjustly reaped a financial benefit from his use of Plaintiff's funds since on or about December 23, 2020, entitling Plaintiff to restitution of such benefit from said Defendant.

## FRAUDULENT INCUDEMENT

28. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

29. Defendant knew that his representation that he would pay Plaintiff's contingency fee was false when he made it.

30. Alternatively, Defendant either recklessly made the representation that he would pay Plaintiff's contingency fee, or such representation was made without any regard for its truth.

31. Defendant intended that Plaintiff would rely on his representations and omissions and acted so as to deceive and defraud Plaintiff.

32. Plaintiff had no knowledge that the representations and omissions by Defendant were reckless or made without any regard for the truth and justifiably relied upon said Defendant's representations and omissions in entering into the subject Contract.

33. Plaintiff has suffered economic damage as a direct and proximate result of the foregoing fraudulent inducement of Defendant as stated herein.

## COMMON LAW FRAUD

34. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

35. Plaintiff would further show that Defendant's representation that he would pay Plaintiff's contingency fee was materially false, was made with the knowledge of its falsity or

with reckless disregard of the truth and was made with the intention that such representation would be acted upon by Plaintiff and that Plaintiff relied on these representations to its detriment.

36.  In making such representations and omissions described herein, Defendant acted as to deceive and defraud Plaintiff.

37.  Plaintiff has been injured as a direct and proximate result of the foregoing fraudulent acts of Defendant and, as a proximate result of such fraud, Plaintiff has sustained the damages described more fully hereinbelow.

## CONSTRUCTIVE FRAUD

38.  Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

39.  Defendant knew that the representations he made to Plaintiff in order to induce Plaintiff into entering into the Contract were false.

40.  Defendant concealed or failed to disclose facts within his knowledge and knew that Plaintiff did not have knowledge of the same prior to entering into the Contract.

41.  Defendant concealed or failed to disclose facts within his knowledge and knew that Plaintiff did not have an opportunity to discover the truth.

42.  The representations and omissions made by Defendant were material in that without said representations and/or omissions, Plaintiff would not have entered into the Contract.

43.  Plaintiff justifiably relied on the representations and omissions of Defendant to its detriment and has been injured as a direct and proximate result of the foregoing fraudulent acts of said Defendant.

## NEGLIGENT MISREPRESENTATION

44.  Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

45.  Defendant made false representations in the course of a transaction in which he had a pecuniary interest.

46.  In the alternative, Defendant failed to exercise reasonable care in making the representations described herein to Plaintiff.

47.  Plaintiff justifiably relied on the misrepresentations by Defendant, resulting in pecuniary loss and economic damages.

## BREACH OF CONTRACT

48.  Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

49. Plaintiff would further show that the actions and/or omissions of Defendant described hereinabove constitute a breach of the agreement governing the contractual relationship between Plaintiff and Defendant, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow and for which Plaintiff hereby sues.

## QUANTUM MERUIT

50.  Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

51.  Plaintiff justifiably relied on the misrepresentations by Defendant, resulting in pecuniary loss and economic damages.

52.  As a result of the misrepresentations by Defendant, Plaintiff is entitled to reimbursement of all sums due under the Contract.

## PROMISSORY ESTOPPEL

53. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

54. Plaintiff detrimentally relied on the promises by Defendant, resulting in pecuniary loss and economic damages.

55. As a result of their reliance on the promises made by said Defendant, Plaintiff is entitled to reimbursement of all sums due under the Contract.

## ECONOMIC AND ACTUAL DAMAGES SUFFERED BY PLAINTIFF

56. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

(a) Loss of use of monies since December 23, 2020;

(b) Loss of the contingency fee set forth above;

(c) Loss of the "benefit of the bargain";

(d) All costs of these proceedings;

(e) Exemplary Damages pursuant to Texas Civil Practice and Remedies Code § 41.003(a); and

(f) Judicial interest as provided by law.

## ATTORNEY'S FEES

57. Further request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (b) common law.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff WILLIAM A. PIGG,

PLLC respectfully requests that Defendant JEFF Z. XIE be cited to appear and answer herein

and that Plaintiff have judgment against said Defendant for actual damages above the

jurisdictional minimum of this Court; pre-judgment interest; post-judgment interest, costs of

court, exemplary damages, and all other relief to which he is justly entitled, at law or in equity.

Respectfully submitted,

WILLIAM A. PIGG, PLLC

*/s/ Charles L. Woods*
Texas Bar No. 21952660
Email: clwoods@pigglawfirm.com
10455 N. Central Expressway, Suite 109
Dallas, Texas 75231
Tel. (214) 551-9391
Fax. (214) 602-8832
Attorney for Plaintiff

FILED
4/5/2021 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Martin Reyes DEPUTY

CAUSE NO. DC-21-02432                                    Martin Reyes

| | | |
|---|---|---|
| WILLIAM A. PIGG, PLLC | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| | § | |
| JEFF Z. XIE | § | |
| | § | |
| **Defendant** | § | 192nd JUDICIAL DISTRICT |

<u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE COURT:

Defendant Jeff Z. Xie ("Defendant") files this Original Answer to Plaintiff's Original Petition, respectfully showing the Court as follows:

### GENERAL DENIAL

Defendant enters a general denial of the allegations pleaded in Plaintiff's Original Petition. TEX. R. CIV. P. 92.

### NOTICE UNDER RULE 13

Under Texas law, a party to a suit or a person interested in the outcome of a suit, such as an attorney for a party, cannot serve process, TEX. R. CIV. P. 103, and service by commercial delivery such as Federal Express is not a permissible method of service. TEX. R. CIV. P. 106(a). Defendant notifies Plaintiff that Plaintiff's Proof of Service filed on April 1, 2021 purportedly under Rule 107(h), is groundless and brought in bad faith and groundless and brought for the purpose of harassment. TEX. R. CIV. P. 13.

DEFENDANT'S ORIGINAL ANSWER – Page 1



## NOTICE UNDER RULE 193.7

Defendant notifies all parties that he intends to use all documents produced by Plaintiff as evidence in this cause, including but not limited to summary judgment, pretrial proceedings, and trial. Tex. R. Civ. P. 193.7.

WHEREFORE, Defendant Jeff Z. Xie respectfully prays that Plaintiff William A. Pigg, PLLC have and recover nothing by this suit; that Defendant be dismissed with costs; and for such other and further relief, at law or in equity, general or special, that Defendant may be entitled to receive.

Respectfully submitted,

**CURNUTT & HAFER, L.L.P.**

By:*/s/Stephen W. Kotara*
   Stephen W. Kotara
   State Bar No. 11693200
   SKotara@CurnuttHafer.com

301 West Abram Street
Arlington, TX 76010
(817) 548-1000 - Telephone
(817) 548-1070 - Facsimile

*ATTORNEY FOR DEFENDANT*
*JEFF Z. XIE*

## CERTIFICATE OF SERVICE

I certify that this instrument was delivered by e-service to Plaintiff's counsel of record on April 3, 2021 as follows:

Charles L. Woods
William A. Pigg, PLLC
10455 N. Central Expressway, Suite 109
Dallas, Texas 75231
*ATTORNEY FOR PLAINTIFF*

*/s/Stephen W. Kotara*
Stephen W. Kotara

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stephen Kotara
Bar No. 11693200
skotara@curnutthafer.com
Envelope ID: 52101200
Status as of 4/5/2021 10:00 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| CHARLES LWOODS | | clwoods@pigglawfirm.com | 4/3/2021 5:32:07 PM | SENT |

FILED
4/22/2021 5:17 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Jeremy Jones DEPUTY

CAUSE NO. DC-21-02432

| | | |
|---|---|---|
| **WILLIAM A. PIGG, PLLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff and Counterdefendant** | § | |
| | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | |
| **JEFF Z. XIE** | § | |
| | § | |
| **Defendant and Counterplaintiff** | § | **192nd JUDICIAL DISTRICT** |
| | | |
| **XIE LAW OFFICES, LLC,** | § | |
| **GEORGIA REGIONAL CENTER, LLC** | § | |
| **and JEFF Z. XIE** | § | |
| | § | |
| **Third-Party Plaintiffs** | § | |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| | § | |
| **WILLIAM A. PIGG, PLLC and** | § | |
| **WILLIAM A. PIGG** | § | |
| | § | |
| **Third-Party Defendants** | § | |

## ORIGINAL COUNTERCLAIM AND THIRD-PARTY ACTION

TO THE HONORABLE COURT:

Counterplaintiff Jeff Z. Xie ("Xie") and Third-Party Plaintiffs Xie Law Offices, LLC ("XLO") and Georgia Regional Center, LLC ("GRC") file this Original Counterclaim and Third-Party Action against Counterdefendants and Third-Party Defendants William A. Pigg, PLLC and William A. Pigg, respectfully showing the Court as follows:

ORIGINAL COUNTERCLAIM AND THIRD-PARTY ACTION



Page 1

## I. INTRODUCTION

### A.    DISCOVERY CONTROL PLAN

1.01.    Counterplaintiff and Third-Party Plaintiffs affirmatively assert that discovery should be conducted in accordance with a tailored discovery control plan under Level Three of Texas Rule of Civil Procedure 190.4.

### B.    CLAIM FOR RELIEF

1.02.    Counterplaintiff and Third-Party Plaintiffs seek monetary relief over $1,000,000.00 from Counterdefendants and Third-Party Defendants.

### C.    PARTIES

1.04.    **Defendant, Counterplaintiff, and Third-Party Plaintiff Jeff Z. Xie** is an individual who resides in Gwinnett County, Georgia and has appeared in this case.

1.05.    **Third-Party Plaintiff Xie Law Offices, LLC** is a Georgia limited liability company organized and existing under the laws of the State of Georgia with its principal place of business in Gwinnett County, Georgia.

1.06.    **Third-Party Plaintiff Georgia Regional Center, LLC** is a Georgia limited liability company organized and existing under the laws of the State of Georgia with its principal place of business in Gwinnett County, Georgia.

1.07.    **Counterdefendant and Third-Party Defendant William A. Pigg, PLLC** is a Texas professional limited liability company organized and existing under the laws of the State of Texas and authorized to conduct business in the State of Texas, with its principal place of business in Dallas County, Texas, and has appeared in this case.

1.08.   **Third-Party Defendant William A. Pigg** is an individual who is a resident of Dallas County, Texas, and he may be served at his place of business, 9638 Greenville Avenue, Dallas, Texas 75243, or wherever he may be found.

## II.  FACTUAL BACKGROUND

2.01.   On October 2, 2017, Xie retained William A. Pigg, a Texas attorney, and his law firm, William A. Pigg, PLLC (collectively "Pigg") to represent Xie, Xie's law firm Xie Law Offices, LLC ("XLO"), and Xie's business, Georgia Regional Center, LLC ("GRC"), to pursue litigation against Hou Min Luo a/k/a Kelvin Luo ("Luo") and others. Xie paid Pigg a $10,000.00 retainer. The fee agreement provided that Pigg would receive a reduced hourly rate and a 25 percent contingent fee. Xie is a Georgia immigration attorney, and XLO, his law firm, primarily handles immigration matters. The primary business of GRC is to process EB-5 immigration cases for Chinese nationals desiring to invest in the United States. Luo was an associate of XLO resident in Shanghai, China and an employee (the Chief Representative) of GRC's office in Shanghai. In late 2015 or early 2016, Nguyen & Chen, L.L.P., a Houston immigration law firm, and Fan Chen, a partner in Nguyen & Chen, L.L.P. (collectively "N&C"), approached Luo about working for N&C, promising that Luo could keep 50 percent of the fees generated from the EB-F cases that he took from XLO and 80 percent of the fees generated from new EB-5 cases. With that lucrative offer in hand, in late October 2016, Luo demanded from XLO a 40 percent ownership in both XLO and GRC, or he would accept the offer from N&C. Xie, XLO, and GRC rejected Luo's demand on October 26, 2016, and Luo immediately informed Xie that he was accepting employment with N&C commencing December 1, 2016, although Luo had been already laying the groundwork for his departure.

**2.02.**   While still employed by XLO and GRC, Luo converted attorney's fees payable to XLO and fees to GRC to his personal account on at least five occasions between October 30, 2016 and November 9, 2016 in an amount totaling $45,000.00. Unbeknown to XLO and GRC, Luo actually began working for N&C on or about October 27, 2016 while he was still on the payroll of XLO and GRC. At or about the same time as when Luo departed his employment with XLO and GRC, the following employees of XLO and GRC resigned from the Shanghai and Beijing offices and went to work for N&C, after being enticed to do so by Luo and/or N&C: Zhibing Wang (a/k/a Rica), Yi Ding (a/k/a Emily), Shuyi Yao (a/k/a Coco), Paiyao Ma (a/k/a Shelley), Meng Lu (a/k/a Vicky), Huixia Ma a/k/a Sarah), Juan Huang (a/k/a Cici), and Haifei Xu (a/k/a Linda). At the same time as when Luo departed XLO and GRC, most of the emigration agencies and companies and individual investors with whom XLO and GRC had built professional relationships ceased doing business with XLO and GRC because Luo told them that the entirety of XLO and GRC's EB-5 team went with him to his new employment with N&C, that XLO and GRC no longer had the manpower to service their needs, and that they should transfer their cases and the corresponding legal fees due XLO and GRC to him and to N&C. Consequently, on or about October 27, 2016, Luo and/or N&C instructed the employees who Luo had stolen from XLO and GRC to transfer legal fees due XLO and GRC to N&C's account at China Merchants' Bank in an amount exceeding $42,000.00. The mass departure of XLO and GRC's EB-5 team effectively disabled the China operations of XLO and GRC, with a corresponding decrease in their revenue by as much as 90 percent. Once Luo went to work for N&C, he had the clients and companies that he had stolen execute template letters discharging XLO and GRC and execute new contracts with N&C.

**2.03.**   On November 20, 2017, Pigg filed a federal civil action in the Houston Division of the Southern District of Texas (the "federal case") in Civil Action No. 4:17-cv-03566 on behalf of Plaintiffs XLO and GRC against Defendants Luo, N&C, and Fan Chen individually. The complaint alleged breach of contract by Luo and numerous torts, including conspiracy, against Luo and N&C. Despite initially suing Luo, Pigg advised Xie, XLO, and GRC to voluntarily dismiss Luo from the federal case and to pursue Luo in an arbitration proceeding against Luo in Georgia. As a result of Pigg's advice, Luo was voluntarily dismissed from the federal case, and XLO filed an arbitration proceeding against Luo in Georgia with the American Arbitration Association. Meanwhile, in the federal case, no mandatory disclosures by either side were done, and Pigg did not seek any written discovery or depositions against the defendants or against any nonparties such as banks. Pigg hired a damages expert that Xie, XLO, and GRC paid for, and while the expert prepared an expert report on damages, it was prepared without receipt and review of any documents from any defendant. The October 9, 2020 expert report concluded that the total economic damages of XLO and GRC were approximately $3.3 million, and at a minimum were $957,483.

**2.04.**   Although Pigg had done no discovery on this multi-million-dollar federal case, he engaged in settlement negotiations with the defense. Pigg recommended to Xie, XLO, and GRC that they settle for a relatively small amount compared to the damages and the expert report on damages. At that time, XLO had spent more than $69,000 in arbitration costs in the arbitration that Pigg had advised, and with Pigg's contingent fee, Xie, XLO, and GRC would have lost money on such a settlement. Xie and Tim Burson, an XLO attorney, pointed out these facts to Pigg and that Pigg needed to do discovery against the defendants and/or nonparties (such as banks) on damages evidence. In response, Pigg filed a motion to withdraw as counsel and

withdrew, and XLO and GRC had to retain and pay new counsel to salvage what they could in the federal case from the sorry state that Pigg had caused it to be in. The federal case was dismissed with prejudice under a confidential agreement.

### III. NEGLIGENCE

**3.01.**   At material times to this civil cause, Third-Party Defendant William A. Pigg is and was licensed by the Texas Supreme Court to practice as an attorney and counselor at law in the State of Texas and he held himself out to the public and his clients, including Xie, XLO, and GRC, to be a qualified, competent, and experienced attorney practicing in the area of civil litigation. At the times material to this civil cause, Mr. Pigg was the sole principal, owner, and member of Counterdefendant and Third-Party Defendant William A. Pigg, PLLC. At material times to this civil cause, Counterdefendant and Third-Party Defendant William A. Pigg, PLLC is and was a Texas professional limited liability company of one or more attorneys experienced and practicing in the area civil litigation. Counterdefendant and Third-Party Defendant William A. Pigg, PLLC held itself out to the public, referring or associating attorneys, and its clients, including Xie, XLO, and GRC, to be a professional limited liability company of attorneys providing professional attorney or legal services and representation in civil litigation. At material times to this civil cause, an attorney-client relationship was established between Xie, XLO, and GRC on the one hand, and Third-Party Defendant William A. Pigg and Counterdefendant and Third-Party Defendant William A. Pigg, PLLC on the other hand.

**3.02.**   William A. Pigg provided professional legal or attorney representation and services to and for Xie, XLO, and GRC in the course and scope of his capacities as owner, member, employee, agent, or servant of William A. Pigg, PLLC in the furtherance of the law firm's professional business.

**3.03.** On the occasion(s) in question in this civil cause, Third-Party Defendant William A. Pigg had a duty under Texas law to exercise ordinary care in providing or rendering professional legal representation and services to and for Xie, XLO, and GRC in connection with the federal case. "Ordinary care," with respect to the conduct of Third-Party Defendant William A. Pigg, as defined under Texas law, is and was that degree of care that would or could be used by a civil litigation or attorney of reasonable prudence under the same or similar circumstances. Third-Party Defendant William A. Pigg breached that duty by engaging in one or more acts or omissions, singularly or in combination with others, constituting negligence, including the following:

      a.    In that Third-Party Defendant William A. Pigg negligently advised Xie, XLO, and GRC to voluntarily dismiss Luo from the federal case and to file an arbitration proceeding against Luo.

      b.    In that Third-Party Defendant William A. Pigg failed to render timely, proper, and/or adequate professional legal representation and services in the investigation, prosecution, settlement negotiations, and settlement of XLO and GRC's claims, actions, and interests against Luo and N&C in the federal case; and/or rendered untimely, improper and/or inadequate professional legal representation and services in the investigation, prosecution, settlement negotiations, and settlement of XLO and GRC's claims, actions, and interests in the federal case.

**3.04.** Third-Party Defendant William A. Pigg's breach of duty proximately caused injuries and harm to Xie, XLO, and GRC, which resulted in damages of Xie, XLO, and GRC as set forth above; and Xie, XLO, and GRC seeks monetary damages within the jurisdictional limits of this Court.

**3.05.** On the occasion(s) in question in this civil cause, Counterdefendant and Third-Party Defendant William A. Pigg, PLLC had a duty under Texas law to exercise ordinary care as a professional limited liability company of attorneys in providing legal representation and services to and for Xie, XLO, and GRC in the investigation, prosecution, settlement negotiations,

and settlement of their claims, and actions, and related matters. "Ordinary care," with respect to the conduct of Counterdefendant and Third-Party Defendant William A. Pigg, PLLC, as defined under Texas law, is and was that degree of care that a professional limited liability company of attorneys would or could use under the same or similar circumstances. Counterdefendant and Third-Party Defendant William A. Pigg, PLLC breached that duty by engaging in one or more acts or omissions, singularly or in combination with others, constituting negligence, including the following:

      a.    In that Counterdefendant and Third-Party Defendant William A. Pigg, PLLC failed to govern or supervise the quality of professional legal services and/or representation provided to Xie, XLO, and GRC in the investigation, prosecution, settlement negotiations, and settlement in the federal case in a timely, proper, and/or adequate manner.

      b.    In that Counterdefendant and Third-Party Defendant William A. Pigg, PLLC is vicariously liable to Xie, XLO, and GRC for their injuries, harm, and damages, and/or aggravation of their injuries, harm, and damages, because of the negligence and/or other improper and wrongful professional conduct of William A. Pigg, PLLC's member(s), principal(s), owner(s), director(s), manager(s), officer(s), employee(s), agent(s), servant(s) acting in the course and scope of their applicable capacities and/or employment in the furtherance of William A. Pigg, PLLC's professional law firm business, as follows:

           i.    In that the member(s), principal(s), owner(s), director(s), manager(s), officer(s), employee(s), agent(s), servant(s) of William A. Pigg, PLLC engaged in negligence and/or other improper and wrongful professional conduct in its representation and services to and/or for Xie, XLO, and GRC in the federal case;

          ii.    In that Third-Party Defendant William A. Pigg engaged in negligence and/or other improper and wrongful professional attorney conduct in his professional legal representation and services to and/or for Xie, XLO, and GRC in the federal case.

    **3.06.**   Counterdefendant and Third-Party Defendant William A. Pigg, PLLC's breach of duty proximately caused the injuries and harm to Xie, XLO, and GRC, which resulted in

damages of Xie, XLO, and GRC as set forth above; and Xie, XLO, and GRC seek monetary damages within the jurisdictional limits of this Court.

**3.07.** Counterdefendant and Third-Party Defendant William A. Pigg, PLLC is liable to Xie, XLO, and GRC for the breach of duty of care by William A. Pigg, PLLC's employee(s), agent(s), or servant(s), including without limitation, Third-Party Defendant William A. Pigg, because the employee(s), agent(s), or servant(s)' conduct was performed while in the employment of William A. Pigg, PLLC to further William A. Pigg, PLLC's professional attorney business, and to accomplish the objectives for which the employee(s), agent(s), or servant(s), including without limitation Third-Party Defendant William A. Pigg, was or were hired. The employee(s), agent(s), or servant(s)', including without limitation Third-Party Defendant William A. Pigg's, conduct was and/or were within the course and scope of that employment with William A. Pigg, PLLC or within the authority delegated to the employee(s), agent(s), or servant(s). Counterdefendant and Third-Party Defendant William A. Pigg, PLLC's employee(s), agent(s), or servant(s), including without limitation Third-Party Defendant William A. Pigg, breached his or their duty or duties of care to Xie, XLO, and GRC by engaging in one or more acts or omissions, singularly or in combination with others, constituting negligence for which Counterdefendant and Third-Party Defendant William A. Pigg, PLLs is liable under the theory of respondeat superior, including the following:

a.   In that Third-Party Defendant William A. Pigg negligently engaged in one or more acts or omissions in rendering professional legal services to Xie, XLO, and GRC in the manner as set forth above with more specificity which is fully incorporated by reference herein.

b.   Counterdefendant and Third-Party Defendant William A. Pigg, PLLC's employee(s), servant(s), and/or agent(s) negligently engaged in one or more acts or omissions in rendering professional legal services to Xie, XLO, and GRC in the manner as set forth above with more specificity which is fully incorporated by reference herein.

**3.08.** Counterdefendant and Third-Party Defendant William A. Pigg, PLLC's breach of duty proximately caused the injuries and harm to Xie, XLO, and GRC, which resulted in damages of Xie, XLO, and GRC as set forth above; and Xie, XLO, and GRC seek monetary damages within the jurisdictional limits of this Court.

## IV. REQUEST FOR JURY TRIAL
## AND TENDER OF JURY FEE

**4.01.** Counterplaintiff and Third-Party Plaintiffs request a jury trial in this civil cause and has tendered the appropriate fee to the Clerk of the Court.

## V. RESERVATION OF RIGHT TO AMEND
## OR SUPPLEMENT THIS PETITION

**5.01.** Counterplaintiff and Third-Party Plaintiffs assert and reserve their legal right to amend and/or supplement the allegations and other contents of this petition to conform with any and/or all additional evidence and/or information and/or to respond to any or all of the pleadings of any other party or parties in this civil cause.

## VI. PRAYER

**6.01.** Counterplaintiff Jeff Z. Xie and Third-Party Plaintiffs Xie Law Offices, LLC and Georgia Regional Center, LLC pray that, on final jury trial, they have a verdict and judgment against Third-Party Defendant William A. Pigg and Counterdefendant and Third-Party William A. Pigg, PLLC, jointly and severally and/or separately, as follows:

    a.    That they recover judgment from Third-Party Defendant William A. Pigg and Counterdefendant and Third-Party William A. Pigg, PLLC, *jointly and severally,* for their actual damages described above in a fair and reasonable amount of monetary relief over 1,000,000.00, or alternatively, without waiving the foregoing, or as otherwise allowed by law;

    b.    That they recover prejudgment interest on the total amount of actual damages, excluding exemplary damages, accrued at the highest legal rate as allowed by law;

c.     That they recover postjudgment interest on the total due amounts of damages at the highest legal rate as allowed by law from the date of judgment until paid;

d.     That they recover all taxable costs of court; and

e.     That they recover all other legal and equitable relief that they are herself entitled to under applicable law in this cause.

Respectfully submitted,

**CURNUTT & HAFER, L.L.P.**

By:*/s/Stephen W. Kotara*
    Stephen W. Kotara
    State Bar No. 11693200
    SKotara@CurnuttHafer.com

301 West Abram Street
Arlington, TX 76010
(817) 548-1000 - Telephone
(817) 548-1070 - Facsimile

*ATTORNEY FOR DEFENDANTS*
*JEFF Z. XIE, XIE LAW OFFICES, LLC*
*AND GEORGIA REGIONAL CENTER, LLC*

## CERTIFICATE OF SERVICE

I certify that this instrument was delivered by e-service to Plaintiff's counsel of record on April 22, 2021 as follows:

Charles L. Woods
William A. Pigg, PLLC
10455 N. Central Expressway, Suite 109
Dallas, Texas 75231
*ATTORNEY FOR PLAINTIFF*

*/s/Stephen W. Kotara*
Stephen W. Kotara

**ORIGINAL COUNTERCLAIM AND THIRD-PARTY ACTION**        **Page 11**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christian Jones on behalf of Stephen Kotara
Bar No. 11693200
CJones@CurnuttHafer.com
Envelope ID: 52745759
Status as of 4/26/2021 9:59 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| CHARLES LWOODS | | clwoods@pigglawfirm.com | 4/22/2021 5:17:21 PM | SENT |

Associated Case Party: JEFFZXIE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christan Jones | | CJones@CurnuttHafer.com | 4/22/2021 5:17:21 PM | SENT |
| Stephen Kotara | | skotara@curnutthafer.com | 4/22/2021 5:17:21 PM | SENT |

FILED
6/2/2021 12:47 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

## CAUSE NO. DC-21-02432

| | | |
|---|---|---|
| **WILLIAM A. PIGG, PLLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **VS** | § | **192nd JUDICIAL DISTRICT** |
| | § | |
| **JEFF Z. XIE** | § | **OF DALLAS COUNTY, TEXAS** |
| | § | |

### COUNTERCLAIM DEFENDANT'S ORIGINAL ANSWER

Plaintiff/Counterclaim Defendant WILLIAM A. PIGG, PLLC files this, its Original Answer to the Counterclaim of Defendant/Counterclaim Plaintiff JEFF Z. XIE and in support thereof would show the Court the following:

### General Denial

1. Defendant denies each and every allegation in Defendant/Counterclaim Plaintiff's Counterclaim.

### Affirmative Defenses

2. Counterclaim Defendant is not liable as alleged by Counterclaim Plaintiff because of accord and satisfaction.

3. Counterclaim Defendant is not liable as alleged by Counterclaim Plaintiff because of Counterclaim Plaintiff's assumption of risk.

4. Counterclaim Defendant is not liable as alleged by Counterclaim Plaintiff because of the contributory negligence of Counterclaim Plaintiff.

5. Counterclaim Defendant is not liable as alleged by Counterclaim Plaintiff because of estoppel.

6. Counterclaim Defendant is not liable as alleged by Counterclaim Plaintiff because of Counterclaim Plaintiff's fraud.

7. Counterclaim Defendant is not liable as alleged by Counterclaim Plaintiff because of laches.

**COUNTERCLAIM DEFENDANT'S ORIGINAL ANSWER**
**PAGE 1**

EXHIBIT
A-5

8. Counterclaim Defendant is not liable as alleged by Counterclaim Plaintiff because of the statute of limitations.

9. Counterclaim Defendant is not liable as alleged by Counterclaim Plaintiff because of Counterclaim Plaintiff's waiver.

10. Counterclaim Defendant is not liable as alleged by Counterclaim Plaintiff because of Counterclaim Plaintiff's failure to mitigate.

11. Counterclaim Defendant is not liable as alleged by Counterclaim Plaintiff because of Counterclaim Plaintiff's unclean hands.

12. Counterclaim Defendant is not liable as alleged by Counterclaim Plaintiff because of the unjust enrichment of Counterclaim Plaintiff.

13. Counterclaim Defendant is not liable as alleged by Counterclaim Plaintiff because of Counterclaim Plaintiff's breach of contract.

14. Counterclaim Defendant is not liable as alleged by Counterclaim Plaintiff because of unconscionability.

15. Counterclaim Defendant is not liable as alleged by Counterclaim Plaintiff because the damages alleged by Counterclaim Plaintiff are speculative.

16. Counterclaim Defendant is not liable as alleged by Counterclaim Plaintiff because of Counterclaim Plaintiff's fraud in the inducement.

17. Counterclaim Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

## Prayer

WHEREFORE, Plaintiff/Counterclaim Defendant WILLIAM A. PIGG, PLLC prays the Court enter judgment in its favor on all matters stated above and awarding Plaintiff/Counterclaim Defendant such other and further relief to which the Court determines it is entitled both in equity and at law.

Respectfully submitted,

WILLIAM A. PIGG, PLLC

*/s/ Charles L. Woods*
SBN 21952660
clwoods@pigglawfirm.com
9638 Greenville Avenue
Dallas, Texas 75243
Tel. (214) 683-3587
Fax (214) 602-8832

## Certificate of Service

I certify that a true copy of this document was served in accordance with Rule 21a of the
Texas Rules of Civil Procedure on the following on June  2, 2021 on the following:

Stephen W. Kotara
Skotara@CurnuttHafer, LLP
Attorney for Defendant Jeff Z. Xie

*/s/ Charles L. Woods*

FILED
6/2/2021 2:39 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Eduardo Suarez DEPUTY

## CAUSE NO. DC-21-02432

| | | |
|---|---|---|
| **WILLIAM A. PIGG, PLLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS** | § | **192nd JUDICIAL DISTRICT** |
| | § | |
| **JEFF Z. XIE** | § | **OF DALLAS COUNTY, TEXAS** |

### PLAINTIFF'S NOTICE OF NONSUIT

NOW COMES Plaintiff WILLIAM A. PIGG, PLLC who gives written notice of its Nonsuit without prejudice, as follows:

1. Plaintiff WILLIAM A. PIGG, PLLC (hereinafter "Plaintiff") filed its Original Petition against Defendant JEFF Z. XIE (hereinafter "Defendant").

2. Plaintiff asks this Court to sign an Order of Nonsuit Without Prejudice on its claims in its Original Petition..

Respectfully submitted,

WILLIAM A. PIGG, PLLC

*/s/ Charles L. Woods*
SBN 21952660
clwoods@pigglawfirm.com
9638 Greenville Avenue
Dallas, Texas 75243
Tel. (214) 683-3587
Fax (214) 602-8832

### Certificate of Service

I certify that a true copy of this document was served in accordance with Rule 21a of the Texas Rules of Civil Procedure on the following on June 2, 2021 on the following:

Stephen W. Kotara
Skotara@CurnuttHafer, LLP
Attorney for Defendant Jeff Z. Xie

*/s/ Charles L. Woods*


EXHIBIT
A-6

CAUSE NO. DC-21-02432

| WILLIAM A. PIGG, PLLC | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| VS | § | 192nd JUDICIAL DISTRICT |
| | § | |
| JEFF Z. XIE | § | OF DALLAS COUNTY, TEXAS |

## ORDER ON PLAINTIFF'S NONSUIT WITHOUT PREJUDICE

After considering Plaintiff WILLIAM A. PIGG, PLLC's Notice of Nonsuit Without Prejudice and request to sign an Order of Nonsuit Without Prejudice on the claims against Defendant JEFF Z. XIE in its Original Petition,

IT IS HEREBY ORDERED that Plaintiff's claims against Defendant in its Original Petition are dismissed without prejudice.   6/7/2021 1:57:33 PM

SIGNED on June ___, 2021.

_____
DISTRICT JUDGE PRESIDING

Respectfully submitted,

WILLIAM A. PIGG, PLLC

/s/ Charles L. Woods
SBN 21952660
clwoods@pigglawfirm.com
9638 Greenville Avenue
Dallas, Texas 75243
Tel (214) 683-3587
Fax (214) 602-8832

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this document was served in accordance with Rule 21a of the Texas Rules of Civil Procedure on the following on June 2, 2021:

Stephen W. Kotara
Skotara@CurnuttHafer.com

/s/ Charles L. Woods



# FORM NO. 353-3 - CITATION

## THE STATE OF TEXAS

**To:**     **WILLIAM A. PIGG**
            **9638 GREENVILLE AVENUE**
            **DALLAS, TX 75243**

**GREETINGS:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **THIRD-PARTY** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **192nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Third-Party Plaintiff being **JEFF Z. XIE; XIE LAW OFFICES, LLC; AND GEORGIA REGIONAL CENTER, LLC**

Filed in said Court  **22nd day of April, 2021** against

**WILLIAM A. PIGG, PLLC AND WILLIAM A. PIGG**

For Suit, said suit being numbered **DC-21-02432**, the nature of which demand is as follows:
Suit on **OTHER CONTRACT** etc. as shown on said **THIRD-PARTY** petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 8th day of June, 2021.
ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _Irasema Sutherland_ _____ Deputy
            IRASEMA SUTHERLAND



---

**ESERVE**

## CITATION

DC-21-02432

---

WILLIAM A PIGG PLLC

**vs.**

**JEFF Z XIE**

ISSUED THIS
**8th day of June, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: IRASEMA SUTHERLAND, Deputy

Attorney for Third-Party Plaintiffs
STEPHEN W. KOTARA
CURNUTT & HAFER, LLP
301 W. ABRAM STREET
ARLINGTON, TX 76010
817-548-1000
SKotara@CurnuttHafer.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



**OFFICER'S RETURN**

Case No. : DC-21-02432

Court No.192nd District Court

Style: WILLIAM A PIGG PLLC

vs.

JEFF Z XIE

Came to hand on the _____ day of _____ 20___, at _____ o'clock _____.M. on the _____ o'clock _____.M. Executed at

within the County of _____ at _____ o'clock _____.M. on the _____ day of

20 _____, by delivering to the within named

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation      $ _____

For mileage              $ _____                           of _____ County,

For Notary               $ _____                           By _____

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____ 20 ___.

to certify which witness my hand and seal of office.

Notary Public _____

_____ County

| Date | Time | Sign |
|---|---|---|
| 6-9-21 | 2:16 pm | CC |
| | | |
| | | |
| | | |

FILED
6/9/2021 7:14 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Treva Parker-Ayodele DEPUTY

CAUSE NO. DC-21-02432

| | | |
|---|---|---|
| **WILLIAM A. PIGG, PLLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff and Counterdefendant** | § | |
| | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | |
| **JEFF Z. XIE** | § | |
| | § | |
| **Defendant and Counterplaintiff** | § | **192nd JUDICIAL DISTRICT** |
| | | |
| **XIE LAW OFFICES, LLC,** | § | |
| **GEORGIA REGIONAL CENTER, LLC** | § | |
| **and JEFF Z. XIE** | § | |
| | § | |
| **Third-Party Plaintiffs** | § | |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| | § | |
| **WILLIAM A. PIGG, PLLC and** | § | |
| **WILLIAM A. PIGG** | § | |
| | § | |
| **Third-Party Defendants** | § | |

## COUNTERPLAINTIFF'S AND THIRD-PARTY PLAINTIFFS' MOTION FOR ABATEMENT

TO THE HONORABLE DISTRICT JUDGE:

Counterplaintiff and Third-Party Plaintiff Jeff Z. Xie and Third-Party Plaintiffs Xie Law

Offices, LLC and Georgia Regional Center, LLC (collectively "the Xie Parties") file this Motion

for Abatement, respectfully showing the Court as follows:

    1.    This is a legal-malpractice case. This case began when, on February 25, 2021,



former Plaintiff William A. Pigg, PLLC[1] sued Jeff Z. Xie, its former client, for a contingent attorney fee from a purported settlement in the underlying federal case in the Houston Division of the Southern District of Texas (the "federal case"), Civil Action No. 4:17-cv-03566, styled *Xie Law Offices, LLC and Georgia Regional Center, LLC v. Hou Min Luo a/ka/ Kelvin Luo, Nguyen & Chen, L.L.P., and Fan Chen.*[2]

2.    Although the underling federal case is concluded, the underlying arbitration is not concluded. The underlying arbitration arose out of the underlying federal case, and the legal malpractice allegations against William A. Pigg, PLLC and William A. Pigg include allegations related to the arbitration, which occurred because of Mr. Pigg's professional negligence in voluntarily dismissing federal defendant Kelvin Luo and negligently advising Mr. Xie to file an arbitration proceeding against Luo. (Counterclaim, ¶¶ 2.03, 2.04).

3.    The arbitration proceeding, AAA Case No. 01-20-0010-0497, *Xie Law Offices v. Luo*, is pending with the American Arbitration Association in Atlanta, Georgia. Although the

---

[1]    Plaintiff William A. Pigg, PLLC has nonsuited its action against Mr. Xie.

After filing this lawsuit, as reflected in former Plaintiff William A. Pigg, PLLC's April 1, 2021 "Proof of Service," Plaintiff William A. Pigg, PLLC did not seek to properly serve Mr. Xie. Instead, Plaintiff William A. Pigg, PLLC sent a citation and the petition to Mr. Xie by FedEx. Under Texas law, a party to a suit or a person interested in the outcome of a suit, such as an attorney for a party, cannot serve process, TEX. R. CIV. P. 103, and service by commercial delivery such as Federal Express is not a permissible method of service. TEX. R. CIV. P. 106(a).

Plaintiff William A. Pigg, PLLC's bogus "Proof of Service" was an obvious and borderline fraudulent attempt to set the stage for obtaining a default judgment against Mr. Xie that plainly would have been set aside, but to avoid a potential default judgment and motion-for-new-trial proceeding, Mr. Xie filed an answer. Thereafter, the legal malpractice counterclaim and third-party claims were filed on April 22, 2021.

[2]    In this underlying case, William A. Pigg represented the plaintiffs. After it was pointed out to Mr. Pigg that he had egregiously mishandled the case and had put it in an extremely poor posture, Mr. Pigg withdrew just before the discovery deadline, and the plaintiffs had to retain new counsel who were not able to salvage the case. It was resolved and dismissed under confidentiality. William A. Pigg, PLLC then sued Mr. Xie to recover his contingent fee, but that claim is barred by *Auguston v. Linea Aerea Nacional-Chile S.A.*, 76 F.3d 658 (5th Cir. 1996) (applying Texas law) and its progeny.

arbitration proceeding is near the end, a ruling is not expected until mid to late July, and after the ruling, it is expected that one or both sides will request rehearing or reconsideration.

4.     This case should be abated until the underlying arbitration is concluded because the Xie Parties' legal malpractice claims against William A. Pigg, PLLC and William A. Pigg will not be fully ripe until the underlying arbitration is concluded—the Xie Parties' damages will not be fully accrued until a final and enforceable arbitration award exists.[3] *In re Texas Collegiate Baseball League, Ltd.*, 367 S.W.3d 462, 466-70 (Tex. App.—Fort Worth 2012, orig. proceeding) (granting mandamus relief to require trial court to abate portions of case relating to attorney's claim for attorney's fee from former client and former client's legal malpractice claims pending the outcome of the underlying litigation between client, or plaintiff, and multiple parties, or defendants, stating that "[i]t makes little sense for the parties to conduct discovery and prepare for trial concerning the [attorney] fee claim and the [legal] malpractice claims in this litigation while the [underlying] litigations remain pending"); *see also Phillips v. Giles,* 620 S.W.2d 750, 751 (Tex. Civ. App.—Dallas 1981, orig. proceeding) (holding that cause of action for legal malpractice arising from negligently rendered tax advice would not accrue, if at all, until deficiency assessed by IRS).

5.     Therefore, the Court should abate this case for at least 90 days, at which time the Xie Parties can notify the Court on the status of the underlying arbitration. And if the underlying arbitration concludes sooner, the Xie Parties will file a motion to reinstate.

WHEREFORE, Counterplaintiff and Third-Party Plaintiff Jeff Z. Xie and Third-Party Plaintiffs Xie Law Offices, LLC and Georgia Regional Center, LLC respectfully request that the Court grant this motion and enter an order abating this case for 90 days, and grant such other

---

[3] *See In re Texas Collegiate Baseball League, Ltd.*, 367 S.W.3d at 468 ("the malpractice allegations and damage theories will remain fluid until the underlying litigations conclude").

relief as the Court may deem appropriate.

Respectfully submitted,

**CURNUTT & HAFER, L.L.P.**

By:/s/ Stephen W. Kotara
    Stephen W. Kotara
    State Bar No. 11693200
    SKotara@CurnuttHafer.com

301 W. Abram St.
Arlington, TX 76010
(817) 548-1000 - Telephone
(817) 548-1070 – Facsimile

*ATTORNEY FOR JEFF Z. XIE, XIE LAW OFFICES, LLC, AND GEORGIA REGIONAL CENTER, LLC*

## CERTIFICATE OF CONFERENCE

I certify that I have conferred by email with Charles L. Woods, counsel for William A. Pigg, PLLC and William A. Pigg, about this motion. Mr. Woods is opposed to this motion because I would not agree to withhold service of process on William A. Pigg.

/s/ Stephen W. Kotara
Stephen W. Kotara

## CERTIFICATE OF SERVICE

I certify that the foregoing instrument was delivered by e-service to the following counsel of record on June 9, 2021

Charles L. Woods
William A. Pigg, PLLC
10455 North Central Expressway, Suite 109
Dallas, Texas 75231
*ATTORNEY FOR WILLIAM A. PIGG, PLLC*

/s/ Stephen W. Kotara
Stephen W. Kotara

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Stephen Kotara
Bar No. 11693200
skotara@curnutthafer.com
Envelope ID: 54274320
Status as of 6/11/2021 11:06 AM CST

Associated Case Party: JEFFZXIE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stephen Kotara | | skotara@curnutthafer.com | 6/9/2021 7:14:50 PM | SENT |
| Christan Jones | | CJones@CurnuttHafer.com | 6/9/2021 7:14:50 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| CHARLES LWOODS | | clwoods@pigglawfirm.com | 6/9/2021 7:14:50 PM | SENT |

CAUSE NO. DC-21-02432

| | | |
|---|---|---|
| **WILLIAM A. PIGG, PLLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff and Counterdefendant** | § | |
| | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | |
| **JEFF Z. XIE** | § | |
| | § | |
| **Defendant and Counterplaintiff** | § | **192nd JUDICIAL DISTRICT** |
| | | |
| **XIE LAW OFFICES, LLC,** | § | |
| **GEORGIA REGIONAL CENTER, LLC** | § | |
| **and JEFF Z. XIE** | § | |
| | § | |
| **Third-Party Plaintiffs** | § | |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| | § | |
| **WILLIAM A. PIGG, PLLC and** | § | |
| **WILLIAM A. PIGG** | § | |
| | § | |
| **Third-Party Defendants** | § | |

## ORDER OF ABATEMENT

**CAME ON TO BE HEARD** Counterplaintiff and Third-Party Plaintiff Jeff Z. Xie and

Third-Party Plaintiffs Xie Law Offices, LLC and Georgia Regional Center, LLC's Motion for

Abatement. After considering the motion, any response, and the arguments of counsel, the Court

is of the opinion and finds that the Motion for Abatement should be granted as set forth below.

**IT IS THEREFORE ORDERED** that the Motion for Abatement is **GRANTED**.

ORDER OF ABATEMENT



Page 1

**IT IS FURTHER ORDERED** that this case is abated for 90 days as of June 25 , 2021. After the ninety-day period has expired, Counterplaintiff and Third-Party Plaintiffs shall file a status report on the underlying arbitration. If the underlying arbitration concludes before the ninety-day period has expired, Counterplaintiff and Third-Party Plaintiffs shall file a motion to reinstate this case from the abatement.

6/25/2021 11:52:51 AM

**SIGNED AND ENTERED** on this _____ day of _____, 2021.

_____

**JUDGE PRESIDING**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Stephen Kotara
Bar No. 11693200
skotara@curnutthafer.com
Envelope ID: 54340472
Status as of 6/14/2021 3:36 PM CST

Associated Case Party: JEFFZXIE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stephen Kotara | | skotara@curnutthafer.com | 6/11/2021 1:53:07 PM | SENT |
| Christan Jones | | CJones@CurnuttHafer.com | 6/11/2021 1:53:07 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| CHARLES LWOODS | | clwoods@pigglawfirm.com | 6/11/2021 1:53:07 PM | SENT |

Articles of Organization
of
Xie Law Offices, LLC

### Article 1.

The name of the limited liability company is Xie Law Offices, LLC.

### Article 2.

Management of the limited liability company is vested in its member whose name and address is as follows:

Jeff Z. Xie
4803 Casa Loma Drive
Lilburn, Georgia 30047

IN WITNESS WHEREOF, the undersigned has executed these Articles of Organization.

This 8th day of June, 2000.

_____
Jeff Z. Xie
Member



EXHIBIT
B

# Secretary of State

**Corporations Division**
**315 West Tower**
**#2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

```
CONTROL NUMBER: 0026431
EFFECTIVE DATE: 06/08/2000
COUNTY        : GWINNETT
REFERENCE     : 0045
PRINT DATE    : 06/13/2000
FORM NUMBER   : 356
```

JEFF Z. XIE
4803 CASA LOMA DR.
LILBURN, GA 30047


### CERTIFICATE OF ORGANIZATION


I, Cathy Cox, the Secretary of State of the State of Georgia, do hereby certify under the seal of my office that

### XIE LAW OFFICES, LLC
### A GEORGIA LIMITED LIABILITY COMPANY


has been duly organized under the laws of the State of Georgia on the effective date stated above by the filing of articles of organization in the Office of the Secretary of State and by the paying of fees as provided by Title 14 of the Official Code of Georgia Annotated.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on the date set forth above.



Cathy Cox
Secretary of State



**OFFICE OF SECRETARY OF STATE**
**CORPORATIONS DIVISION**
315 West Tower, #2 Martin Luther King, Jr. Drive
Atlanta, Georgia 30334-1530
(404) 656-2817
Registered agent, officer, entity status information via the Internet
http://www.sos.state.ga.us/corporations

**WARREN RARY**
Director

**QUINTILIS B. ROBINSON**
Deputy Director

**CATHY COX**
Secretary of State

**TRANSMITTAL INFORMATION**
**GEORGIA LIMITED LIABILITY COMPANY**

DO NOT WRITE IN SHADED AREA - SOS USE ONLY

| | | |
|---|---|---|
| DOCKET # 600936 | PENDING # P33?1605 | CONTROL # 26431 |
| DOCKET CODE 356 | DATE FILED 6-8-00 | AMOUNT RECEIVED 75.00 | CHECK/RECEIPT # 2173 |
| TYPE CODE GL | EXAMINER 45 | JURISDICTION (COUNTY) CODE 067 |

NOTICE TO APPLICANT: PRINT PLAINLY OR TYPE REMAINDER OF THIS FORM

1. 4709??
   LLC Name Reservation Number
   Xie Law Offices, LLC
   LLC Name

2. Jeff Z. Xie                           (770) 921-4340
   Applicant/Attorney                    Telephone Number
   4803 Casa Loma Dr
   Address
   Lilburn          GA          30047
   City             State       Zip Code

3. 4803 Casa Loma Dr
   Principal Office Mailing Address
   Lilburn          GA          30047
   City             State       Zip Code

4. Jeff Z. Xie
   Name of Registered Agent in Georgia
   4803 Casa Loma Dr
   Registered Office Street Address in Georgia
   Lilburn          Gwinnett      GA          30047
   City             County        State       Zip Code

5. Name and Address of each organizer    (Attach additional sheets if necessary)
   Jeff Z. Xie          Same as above
   Organizer            Address            City          State       Zip Code

   Organizer            Address            City          State       Zip Code

6. Mail or deliver to the Secretary of State, at the above address, the following:
   1) This transmittal form
   2) Original and one copy of the Articles of Organization
   3) Filing fee of $75.00 payable to Secretary of State. Filing fees are NON-refundable.

   _____                    6/8/2000
   Authorized Signature                        Date
   Member, Manager, Organizer or Attorney-in-fact (Circle one)

Control No: 10065159
Date Filed: 09/16/2010 12:59 PM
Brian Kemp
Secretary of State

September 16, 2010

# ARTICLES OF ORGANIZATION
## FOR GEORGIA LIMITED LIABILITY COMPANY

**The name of the Limited Liability Company is:**
Georgia Regional Center, LLC.

**The principal mailing address of the Limited Liability Company is:**
1770 Indian Trail Lilburn Road, Suite 450
Norcross, GA 30093

**The Registered Agent is:**
XIE LAW OFFICES, LLC
1770 INDIAN TRAIL-LIL RD, #450
NORCROSS, GA 30093-1506
**County:**

**The name and address of each organizer(s) are:**
Jeff Z Xie
1770 Indian Trail Lilburn Road ,
Suite 450
Norcross, GA 30093

**The optional provisions are:**
A private economic unit to be designated by US Citizenship and Immigration Service (USCIS)to participate in the Immigrant Investor Pilot Program which is involved with the promotion of economic growth, including increased export sales, improved regional productivity, job creation, and increased domestic capital investment within a defined geographic region.

IN WITNESS WHEREOF, the undersigned has executed these Articles of Organization on the date set forth below.

**Signature(s):**
Organizer, Jeff Z Xie

**Date:**
September 16, 2010



Control No. **10065159**

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 315 West Tower
### #2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

# CERTIFICATE
# OF
# ORGANIZATION

I, **Brian P. Kemp**, the Secretary of State and the Corporations Commissioner of the State of Georgia, hereby certify under the seal of my office that

## GEORGIA REGIONAL CENTER, LLC.
### a Domestic Limited Liability Company

has been duly organized under the laws of the State of Georgia on **09/16/2010** by the filing of articles of organization in the Office of the Secretary of State and by the paying of fees as provided by Title 14 of the Official Code of Georgia Annotated.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on September 16, 2010



Brian P. Kemp
Secretary of State

**Bizapedia**                                                                                    f    y

## JEFF XIE

Sponsored Links

There are 39 individuals that go by the name of Jeff Xie.

These individuals collectively are associated with 21 companies in 8 cities. The cities are Alpharetta GA, Atlanta GA, Austin TX, Boston MA, Houston TX, Marietta GA, Norcross GA, and Sandy Springs GA.

**JEFF XIE (INCORPORATOR)**
**ALACARTE GROUP, INC.**
GEORGIA DOMESTIC PROFIT CORPORATION
WRITE REVIEW

| | |
|---|---|
| Address: | 1770 Indian Trail Lilburn Road, Suite 450 Norcross, GA 30093 |
| Registered Agent: | Jeff Xie |
| Filing Date: | February 19, 2018 |
| File Number: | 18020444 |

View People Named Jeff Xie in Georgia

Contact Us About The Company Profile For Alacarte Group, Inc.

**JEFF XIE (SECRETARY)**
**ALACARTE GROUP, INC.**
GEORGIA DOMESTIC PROFIT CORPORATION
WRITE REVIEW

| | |
|---|---|
| Address: | 1770 Indian Trail Lilburn Road, Suite 450 Norcross, GA 30093 |
| Registered Agent: | Jeff Xie |
| Filing Date: | February 19, 2018 |
| File Number: | 18020444 |

View People Named Jeff Xie in Georgia

Contact Us About The Company Profile For Alacarte Group, Inc.

Sponsored Links

A clea
comfc
room

BOOK

A ways s
our great

**JEFF XIE (CHIEF EXECUTIVE OFFICER)**
**ALACARTE GROUP, INC.**
GEORGIA DOMESTIC PROFIT CORPORATION
WRITE REVIEW

| | |
|---|---|
| Address: | 1770 Indian Trail Lilburn Road, Suite 450 Norcross, GA 30093 |
| Registered Agent: | Jeff Xie |
| Filing Date: | February 19, 2018 |
| File Number: | 18020444 |

View People Named Jeff Xie in Georgia

**JEFF XIE (CHIEF FINANCIAL OFFICER)**
**ALACARTE GROUP, INC.**
GEORGIA DOMESTIC PROFIT CORPORATION
WRITE REVIEW

| | |
|---|---|
| Address: | 1770 Indian Trail Lilburn Road, Suite 450 Norcross, GA 30093 |
| Registered Agent: | Jeff Xie |
| Filing Date: | February 19, 2018 |
| File Number: | 18020444 |

View People Named Jeff Xie in Georgia



EXHIBIT

D

ATLANTA COUNTRY SCHOOL, INC. Document 1 Filed 07/08/21 PageID 67 Page ID 67

GEORGIA DOMESTIC PROFIT CORPORATION
WRITE REVIEW

Address: 8725 Dunwoody Place
Sandy Springs, GA 30350
Registered Agent: Jeff Xie
Filing Date: May 06, 2015
File Number: 15045698
View People Named Jeff Xie in Georgia
Contact Us About The Company Profile For Atlanta Country School, Inc.

MASSACHUSETTS FOREIGN CORPORATION
WRITE REVIEW

Address: 8725 Dunwoody Place
Sandy Springs, GA 30350
Registered Agent: CT Corporation System
Filing Date: December 23, 2016
File Number: 001253095
View People Named Jeff Xie in Georgia
Contact Us About The Company Profile For Atlanta Country School, Inc.

**JEFF XIE (TREASURER)**
**ATLANTA COUNTRY SCHOOL, INC.**
MASSACHUSETTS FOREIGN CORPORATION
WRITE REVIEW

Address: 8725 Dunwoody Place
Sandy Springs, GA 30350
Registered Agent: CT Corporation System
Filing Date: December 23, 2016
File Number: 001253095
View People Named Jeff Xie in Georgia
Contact Us About The Company Profile For Atlanta Country School, Inc.

**JEFF XIE (SECRETARY)**
**ATLANTA COUNTRY SCHOOL, INC.**
MASSACHUSETTS FOREIGN CORPORATION
WRITE REVIEW

Address: 8725 Dunwoody Place
Sandy Springs, GA 30350
Registered Agent: CT Corporation System
Filing Date: December 23, 2016
File Number: 001253095
View People Named Jeff Xie in Georgia
Contact Us About The Company Profile For Atlanta Country School, Inc.

**JEFF XIE (VICE PRESIDENT)**
**ATLANTA COUNTRY SCHOOL, INC.**
MASSACHUSETTS FOREIGN CORPORATION
WRITE REVIEW

Address: 8725 Dunwoody Place
Sandy Springs, GA 30350
Registered Agent: CT Corporation System
Filing Date: December 23, 2016
File Number: 001253095
View People Named Jeff Xie in Georgia
Contact Us About The Company Profile For Atlanta Country School, Inc.

**JEFF XIE (DIRECTOR)**
**ATLANTA COUNTRY SCHOOL, INC.**
MASSACHUSETTS FOREIGN CORPORATION
WRITE REVIEW

Address: 8725 Dunwoody Place
Sandy Springs, GA 30350
Registered Agent: CT Corporation System
Filing Date: December 23, 2016
File Number: 001253095
View People Named Jeff Xie in Georgia
Contact Us About The Company Profile For Atlanta Country School, Inc.

**JEFF XIE (ORGANIZER)**
**BOLTON MARIETTA LLC.**
GEORGIA DOMESTIC LIMITED-LIABILITY COMPANY
WRITE REVIEW

Address: 965 Hudson Road
Marietta, GA 30060
Registered Agent: Jeff Xie
Filing Date: May 01, 2013
File Number: 13408920
View People Named Jeff Xie in Georgia
Contact Us About The Company Profile For Bolton Marietta LLC.

**JEFF XIE (ORGANIZER)**
**CARTER BUILDER SUPPLY SOURCING LLC**
GEORGIA DOMESTIC LIMITED-LIABILITY COMPANY
WRITE REVIEW

Address: 2525 Bethany Church Road
Alpharetta, GA 30004
Registered Agent: Jeff Xie
Filing Date: November 01, 2014
File Number: 14106084
View People Named Jeff Xie in Georgia
Contact Us About The Company Profile For Carter Builder Supply Sourcing LLC

**JEFF XIE (VICE PRESIDENT)**
**C-BASS ADVANCE FUNDING I LLC**
TEXAS FOREIGN LIMITED-LIABILITY COMPANY (LLC)
WRITE REVIEW

Address: C/O Litton Lp4828 Loop Central Drive
Houston, TX 77081
Registered Agent: Corporation Service Company Dba Csc - Lawyers Incorporating Service Company

**JEFF XIE (SECRETARY)**
**GEORGIA REGIONAL CENTER, LLC.**
GEORGIA DOMESTIC LIMITED-LIABILITY COMPANY
WRITE REVIEW

Address: 1770 Indian Trail Lilburn Road
Suite 450
Norcross, GA 30093
Registered Agent: Xie Law Offices, LLC

Filing Date:    March 05, 2004
File Number:    0800313862
View People Named Jeff Xie in Texas
Contact Us About The Company Profile For C-Bass Advance Funding I LLC

Filing Date:    September 16, 2010
File Number:    10065159
View People Named Jeff Xie in Georgia
Contact Us About The Company Profile For Georgia Regional Center, LLC.

---

**JEFF XIE (CHIEF FINANCIAL OFFICER)**
**GEORGIA REGIONAL CENTER, LLC.**
GEORGIA DOMESTIC LIMITED-LIABILITY COMPANY
WRITE REVIEW

Address:    1770 Indian Trail Lilburn Road
       Suite 450
       Norcross, GA 30093
Registered Agent:   Xie Law Offices, LLC
Filing Date:    September 16, 2010
File Number:    10065159
View People Named Jeff Xie in Georgia
Contact Us About The Company Profile For Georgia Regional Center, LLC.

**JEFF XIE (CHIEF EXECUTIVE OFFICER)**
**GEORGIA REGIONAL CENTER, LLC.**
GEORGIA DOMESTIC LIMITED-LIABILITY COMPANY
WRITE REVIEW

Address:    1770 Indian Trail Lilburn Road
       Suite 450
       Norcross, GA 30093
Registered Agent:   Xie Law Offices, LLC
Filing Date:    September 16, 2010
File Number:    10065159
View People Named Jeff Xie in Georgia
Contact Us About The Company Profile For Georgia Regional Center, LLC.

---

**JEFF XIE (ORGANIZER)**
**GRANDVIEW DEVELOPMENT LLC.**
GEORGIA DOMESTIC LIMITED-LIABILITY COMPANY
WRITE REVIEW

Address:    1888 Hollywood Road
       Atlanta, GA 30318
Registered Agent:   Daniel I Macintyre
Filing Date:    June 08, 2013
File Number:    13419760
View People Named Jeff Xie in Georgia
Contact Us About The Company Profile For Grandview Development LLC.

Sponsored Links

# Court Records: 4 Sources

- I WILL NOT use this information to stalk anyone
- I WILL NOT harass people whose criminal records appear on this site
- If I see someone I know, I WILL NOT spread gossip

A

ADDITIONAL LINKS

Search All People

*(Only displaying the top 25 matches)*

Copyright © 2012-2021 · Bizapedia.com · All rights reserved.    Pro Data · Pro Search · Pro API · Contact Us · Terms of Use · Privacy Policy · Sitemap

Desktop