IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM A. PIGG, PLLC, | § | Civil Action No. 3:21-cv-01587-C |
| | § | |
| Plaintiff/Counter Defendant | § | |
| | § | |
| Versus | § | |
| | § | |
| JEFF Z. XIE, | § | |
| | § | |
| Defendant/Counter Plaintiff | § | |
| | § | |
| And | § | |
| | § | |
| XIE LAW OFFICES, LLC, | § | |
| GEORGIA REGIONAL CENTER, LLC, | § | |
| And JEFF Z. XIE, | § | |
| | § | |
| Third Party Plaintiffs | § | |
| | § | |
| Versus | § | |
| | § | |
| WILLIAM A. PIGG, PLLC and | § | |
| WILLIAM A. PIGG, | § | |
| | § | |
| Third Party Defendants. | § | |

**THIRD PARTY DEFENDANTS' OPPOSITION TO COUNTERPLAINTIFF AND THIRD-PARTY PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER ON LACK OF JURISDICTION**

Counter Defendant/Third Party Defendant William A. Pigg, PLLC ("Pigg PLLC") and Third Party Defendant William A. Pigg, individually ("Pigg"), OPPOSE the Motion for Reconsideration of Order on Lack of Jurisdiction ("Motion") filed herein by Counterplaintiff/Third-Party Plaintiff Jeff Z. Xie and Third-Party Plaintiffs Xie Law Offices, LLC and Georgia Regional Center, LLC (collectively, the "Xie Entities") as follows:

## ARGUMENT

On August 18, 2021 this Court remanded this case to the State Court. [Dkt. Nos. 16, 16-1]. The order of remand was silent as to the Xie Entities' claim for attorney's fees. *Id.* Presumably, this Court declined to award attorney's fees to the Xie Entities because it did not believe Pigg's removal of the State Court action was unreasonable or improper.

On October 12, 2021, this Court again denied the Xie Entities' request for attorney's fees on grounds of mootness because it was divested of jurisdiction as of August 18, 2021 when it remanded this case back to the State Court, citing *Barnes v. Allstate Insurance Company*, 2008 WL 425566 (8.D. La. Feb. 12,2008)(holding a district court is completely divested of jurisdiction following the mailing of the certified copy of the remand order to the clerk of the state court) as authority therefor. [Dkt. No. 21].[1]

Now the Xie Entities are trying to take a third bite of the apple for their mistaken belief they are entitled to attorney's fees when this Court has already ruled twice that they are not.

The Xie Entities spend two and a half pages of the four pages of the Motion reiterating what this Court has already ruled – that an order remanding a case is not reviewable by appeal or otherwise. 28 U.S.C. § 1447(d).

While "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" (28 U.S.C. § 1447(c)), none of this Court's prior Orders referenced above awarded attorney's fees to the Xie Entities, as it could have done had the Xie Entities followed the Federal Rules of Civil Procedure, as will be discussed below. Since this Court did not award attorney's fees in its order of remand or in the Xie Entities' first Motion for Reconsideration [Dkt. No. 17], it should not do so now.

---

[1] Moreover, this Court also denied the Xie Entities attempt to submit a reply brief to Pigg's opposition to their request for attorney's fees because it violated this Court's Specific Requirements, Rule IIB. [Dkt. No. 20].

**THIRD PARTY DEFENDANTS' OPPOSITION MOTION FOR RECONSIDERATION OF ORDER ON
LACK OF JURISDICTION                                                                                             PAGE 2**

The Xie Entities rely on *Coward v. AC & S, Inc.,* 91 F.App'x 919 (5th Cir. 2004) and cases citing thereto to stand for the proposition that this Court retains jurisdiction to award attorney's fees after remand. However, a claim for attorney's fees should be made pursuant to FRCP 54(d)(2), which states the following, in relevant part:

> "(2) *Attorney's Fees.*
>
> (A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
>
> (i) be filed no later than 14 days after the entry of judgment;
>
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>
> (iii) state the amount sought or provide a fair estimate of it; and
>
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made."

*See Feria v. Winn-Dixie Montgomery*, *L.LC.* (5th Cir. 2019)(*citing Coward* and denying Plaintiff's claim for attorney's fees because Plaintiff's motion therefor was untimely filed pursuant to the District Court's Local Rule).

This Court remanded this case on August 18, 2021. [Dkt. No. 16, 16-1]. The Xie Entities did not file their first Motion for Reconsideration until September 14, 2021– 26 days after the remand. [Dkt. No. 17]. Moreover, the Xie Entities failed to state the amount of attorney's fees it sought or a fair estimate thereof. *Id.* Consequently, the Xie Entities failed to comply with FRCP 54(d)(2) in its first Motion for Reconsideration; just as it has failed to do now. For these reasons, although this Court may, in the abstract, arguably have jurisdiction to

decide the attorney's fee issue, it should still decline to do so because, as it previously held, the issue is now moot due to the Xie Entities non-compliance with the requisites of FRCP 54(d)(2).[2]

At this point, it must be stated that the Xie Entities' reliance on *Blanco v. Equitable Ascent Fin., LLC,* No. EP-12-CV-134-PRM, 2012 WL 1593181 (W.D. Tex. May 4, 2012) because of its "similar factual scenario" to the present matter is simply disingenuous. As the Xie Entities stated in their brief, the *Blanco* decision involved a finding of the removing party's objectively unreasonable basis for the removal. No such finding was made in this case for the simple reason that there is no basis for any such finding. Accordingly, there is no factual similarity between the *Blanco* case and this case, despite the Xie Entities' wishful thinking that there is.

As previously briefed, in this matter, there were two original parties to the State Court Action – Plaintiff Pigg PLLC and Defendant Jeff Z. Xie, individually. Pigg PLLC's causes of action were state contract based causes of action; i.e. breach of contract, fraud, unjust enrichment, conversion, etc. Consequently, when originally filed, the State Court Action was not removable because no Federal Question was involved and because the amount in controversy did not meet the jurisdictional minimum to support removal on diversity grounds.

It was not until the Xie Entities filed their third party claim against Pigg, individually, that removal was implicated under 28 U.S.C. § 1441(c)(1)(B) because, as the Xie Entities themselves argued, Pigg PLLC and Pigg, individually, were not joined and served as defendants. Thus, the Xie Entities opened the door to removal based on diversity, making their reliance on *Renegade Swish, L.L.C. v. Wright,* 857 F.3d 692 (5th Cir. 2017) to support their claim for

---

[2] *See* [Dkt. No. 21]; *Barnes v. Allstate Insurance Company*, 2008 WL 425566 (8.D. La. Feb. 12,2008).

attorney's fees inapposite because that case was decided under an analysis of Federal Question jurisdiction.

Rather, the facts in this matter are akin to the discussion of removability of third party claims set forth in *State of Tex. v. Walker,* 142 F.3d 813 (5th Cir. 1998).  In *Walker*, the University of Texas sued a doctor in state court for breach of contract.  The doctor filed a counterclaim against the University and third party claims against the University President and Regents, individually.  The University President removed the case to Federal Court on Federal Question grounds.  The doctor challenged the removal.

The 5th Circuit held that that the University President, although a Texas resident, could remove the case under 28 U.S.C. § 1441(c) because he had not been an original plaintiff in the State Court lawsuit.  *Walker,* at 816; accord *Carl Heck Engineers v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980).

The Court then discussed removal to Federal Court when a Federal Claim is joined with a nonremovable state claim and held that if the third party claim is predicated on a separate and independent cause of action from the original claim, the state court case can be removed to Federal Court.  *Walker*, at 817.  *Carl Heck Eng'rs*, 622 F.2d at 136;  *In re Wilson Indus., Inc.* 886 F.2d 93, 96 (5th Cir. 1989).

In the present matter, Pigg PLLC filed contract based causes of action against Xie, individually, in state court.  Pigg, individually, was not a party.  The Xie Entities' then filed their third party claims against Pigg PLLC and Pigg, individually, based on negligence - a separate and independent claim from Pigg PLLC's original contract based claims against Xie, individually.  Consequently, this case became removable because the removal involved separate and distinct causes of action and met the statutory criteria set forth in 28. U.S.C. § 1441(c)(1)(B).

Since Pigg, individually, had a statutory basis for the removal under 28. U.S.C. § 1441(c)(1)(B), an award of attorney's fees to the Xie Entities is unwarranted.

Moreover, the removal was objectively reasonable under *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 163 L.Ed.2d 547, 126 S. Ct. 707 (2005). As *Martin* explains, attorney's fees should only be awarded when such an award is "just;" as stated in the statute. *Id.*, at 533. The appropriate test for a "just" award of attorney's fees is a recognition of "Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied. *Id.*

If one thing is demonstrable on its face, it is Pigg PLLC's and Pigg's earnest desire to move this case along and, for that reason, their opposition to the Xie Entities' Amended Motion to Remand was inherently and objectively reasonable, making an award of attorney's fees unwarranted.

As previously discussed, Pigg PLLC and Pigg, individually, had no intention of prolonging this litigation as evidenced by Pigg's attempt to cut it short by filing his 12b(6) motion, which had an unassailable basis for this Court to dismiss the Xie Entities' claims had it chosen to decide the motion instead of remanding this case to the State Court.

Conversely, the Xie Entities have done nothing but prolong this case. That is why they filed the Abatement in the State Court Action, that is why they objected to the removal (after this Court had already issued a Scheduling Order), that is why they failed to respond to Pigg's then pending 12b(6) motion until eight hours before the response deadline - and only then to ask for a continuance until ten days after the Court ruled on their Amended Motion to Remand, that is why they attempted to file a reply brief to Pigg's opposition to their first Motion for

Reconsideration, in violation of this Court's specific requirements, and that is why they have filed the instant Motion. As evidenced by their own actions, it is the Xie Entities who are continuing to prolong this case and increase the litigation costs, not Pigg PLLC and Pigg.

## IV. CONCLUSION

The foregoing makes clear that while this Court may have jurisdiction to hear the attorney's fees issue, that issue is now moot because of the Xie Entities' failure to comply with the procedural requisites of FRCP 54(d)(2).

Moreover, the Xie Entities reliance on *Renegade Swish* - a single issue claim based on Federal Question jurisdiction – simply does not apply to the facts of this case. Therefore, their claim for attorney's fees has no relevance to the realities of what they brought upon themselves by filing separate and independent causes of action against two different parties at two different times.

Pigg, individually, had a statutory basis supporting the removal. The removal was therefore justified and objectively reasonable according to Supreme Court precedent. Consequently, the Xie Entities' claim for attorney's fees should be denied.

For the foregoing reasons, Pigg PLLC and Pigg, individually, pray the Court deny the Xie Entities' Motion for Reconsideration of Order of Lack of Jurisdiction and for all general and equitable relief..

                Respectfully Submitted

                WILLIAM A. PIGG, PLLC

                */s/ Charles L. Woods*
                SBN 21952660
                clwoods@pigglawfirm.com
                9638 Greenville Avenue
                Dallas, Texas 75243
                Tel. (214) 683-3587
                Fax (214) 602-8832

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2021 a true copy of the above Opposition to Counterplaintiff and Third-Party Plaintiffs' Motion for Partial Reconsideration of Order on Lack of Jurisdiction has been served on all counsel of record via the Court's electronic filing system

                */s/ Charles L. Woods*